# REGISTER OF ACTIONS
## CASE NO. 23-009358-CI



| | | |
|---|---|---|
| NIYA LEWIS Vs. BANKERS WARRANTY GROUP INC | Case Type: | DISCRIMINATION - EMPLOYMENT OR OTHER |
| | Date Filed: | 12/06/2023 |
| | Location: | Section 15 |
| | Judicial Officer: | JIROTKA, GEORGE M |
| | UNIFORM CASE NUMBER: | 522023CA009358XXCICI |

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **DEFENDANT** | BANKERS WARRANTY GROUP INC *DOING BUSINESS AS* CENTRICITY<br>11101 ROOSEVELT BLVD N<br>ST PETERSBURG, FL 33716 | |
| **PLAINTIFF** | LEWIS, NIYA<br><br>100 S ASHLEY DRIVE SUITE 600<br>TAMPA, FL 33602 | CHRISTIANE LACHANTZ NOLTON<br><br>SQUIRES AND RYAN PLLC<br>100 SOUTH ASHLEY DR<br>SUITE 600<br>TAMPA, FL 33602<br><br>813-922-2803(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 04/04/2024 | **MOTION**  Doc # 5<br>*FOR EXTENSION OF TIME TO EFFECTUATE SERVICE PURSUANT TO FLORIDA RULE OF CIVIL PROCEDURE 1.070(J)*<br>Filed by: LEWIS, NIYA | |
| 04/02/2024 | **NOTICE OF SERVICE OF INTERROGATORIES**  Doc # 4 | |
| 12/06/2023 | **CIVIL COVER SHEET - E-FILED**  Doc # 1 | |
| 12/06/2023 | **COMPLAINT WITH DEMAND FOR JURY TRIAL**  Doc # 2 | |
| 12/06/2023 | **SUMMONS - ISSUED**  Doc # 3<br>Party: BANKERS WARRANTY GROUP INC | |

---

## FINANCIAL INFORMATION

**PLAINTIFF** LEWIS, NIYA

| | |
|---|---|
| Total Financial Assessment | 410.00 |
| Total Payments and Credits | 410.00 |
| **Balance Due as of 04/22/2024** | **0.00** |

| | | | |
|---|---|---|---|
| 12/07/2023 | Transaction Assessment | | 410.00 |
| 12/07/2023 | E-FILE PAYMENT  Receipt # EF-2023-51794 | LEWIS, NIYA | (410.00) |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

<u>Niya Lewis</u>
  Plaintiff                                                 Case # _____
                                                           Judge  _____

vs.
<u>Bankers Warranty Group, Inc.</u>
  Defendant

_____

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

      **III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  2

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☒ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Christiane Lachantz Nolton      Fla. Bar # 1029126
    Attorney or party                              (Bar # if attorney)

Christiane Lachantz Nolton                12/06/2023
(type or print name)                       Date

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NIYA LEWIS

    Plaintiff,

v.                                             Case No.:

BANKERS WARRANTY GROUP
D/B/A CENTRICITY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NIYA LEWIS, by and through her undersigned attorney, hereby sues Defendant, BANKERS WARRANTY GROUP D/B/A CENTRICITY, and states the following:

## PRELIMINARY STATEMENT

1. This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of Title VII of the Civil Rights Act of 1964 (Title VII) as well as the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Florida Statutes.

2. Specifically, Defendant violated Title VII by subjecting Plaintiff to discrimination because of Plaintiff's race/color and her sex/gender.

3. Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

## PARTIES

4. Plaintiff Niya Lewis is a former employee of Defendant.

5. At all relevant times hereto, Plaintiff was a resident of Pinellas County, Florida.

6. At all relevant times hereto, Plaintiff met the definition of an "employee" under all applicable statutes.

7. Defendant is a Florida Profit Corporation existing under the laws of the State of Florida and having a principal place of business (headquarters) in St. Petersburg, Florida.

8. Defendant had 20 or more employees during the relevant time period.

9. At all relevant times hereto, Defendant met the definition of "employer" under all applicable statutes.

**JURISDICTION AND VENUE**

10. This is a cause of action for damages in excess of Fifty Thousand ($50,000.00) dollars, exclusive of costs, interest, and attorney's fees.

11. At all times material hereto, Plaintiff was a resident of Pinellas County, Florida.

12. At all times material hereto, Defendant employed Plaintiff in Pinellas County, Florida.

13. Venue lies with this Court as to Plaintiff's claims as the events giving rise to the claims occurred in Pinellas County, Florida.

**CONDITIONS PRECEDENT**

14. Plaintiff has exhausted her administrative remedies and satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

**FACTUAL ALLEGATIONS**

15. Plaintiff, Niya Lewis, began working for Defendant on March 17, 2014, as a Customer Service Representative.

16. During her more than 8 years of employment with Defendant, Plaintiff more than satisfactorily performed the duties of her position.

17. In 2016 Plaintiff was promoted to Customer Service Rep II and was awarded the distinction of BWG Top Performer.

18. In 2018 Plaintiff was again promoted to Team Lead.

2

19. Finally, in February 2020 Plaintiff was promoted to Call Center Supervisor, and she worked in this capacity until her wrongful termination on May 23, 2022.

20. Throughout her tenure, Plaintiff consistently met and exceeded Defendant's targets and performance indicators.

21. At the time of her termination, Plaintiff was the only African American woman who was also a Call Center Supervisor.

22. Defendant subjected Plaintiff to disparate treatment because of her Race (African American), her color (Black) and her sex/gender and because of the intersectionality of her race/color and her sex/gender.

23. During her employment, Plaintiff was held to a higher standard than her similarly situated white and Hispanic coworkers.

24. As a Customer Care Supervisor, Plaintiff was responsible for monitoring her direct reports and providing feedback regarding their performance. She was also responsible for ensuring that her direct reports met any metrics set by Defendant and completed required tasks. However, in her role Plaintiff got less support from Defendant than similarly situated individuals.

25. Defendant discriminated against Plaintiff by providing her less support and professional development coaching than similarly situated colleagues.

26. Plaintiff's direct reports continued to meet and exceed their goals, showing great improvement after she became their supervisor. However, Defendant was less vested in her success and provided less support and coaching to Plaintiff than similarly situated white and Hispanic colleagues.

27. Plaintiff's Operations Manager would often cancel weekly coaching meetings, which is a deviation from Defendant's usual procedures and protocols.

28. Plaintiff was discriminatorily disciplined and terminated when Plaintiff's similarly situated non-African American and non-African American women colleagues were not subject to the same treatment.

29. First, Plaintiff was disciplined more harshly than similarly situated employees when she was issued a Performance Improvement Plan (PIP) on February 11, 2022.

30. Despite having weekly one on one meetings with her supervisor, no issues were ever documented or brought to her attention before the performance evaluation.

31. Plaintiff was treated in a discriminatory manner when she was subjected to unrealistic expectations and higher standards than her similarly situated white colleagues. Unlike her similarly situated colleagues, Plaintiff received little to no guidance and support.

32. Although Plaintiff was merely doing her job in communicating directly with her direct reports about their shortcomings, Defendant characterized Plaintiff as the stereotypical "angry black woman" and refused to investigate or look at exculpatory evidence.

33. Despite being subjected to more harsh discipline, Plaintiff successfully completed a 30-day PIP on March 11, 2022.

34. On March 16, 2022, Defendant informed Plaintiff that she had done an "excellent job demonstrating professional communication."

35. However on May 23, 2022, Defendant again subjected Plaintiff to disparate treatment when Defendant terminated Plaintiff for alleged conduct even though similarly situated non-African American and non-African American women employees were not terminated for substantially similar allegations.

36. Defendant also discriminated against Plaintiff by conducting a workplace investigation in a biased way and treated other similarly situated employees more favorably in workplace investigations.

37. Defendant failed to conduct a full and fair investigation and failed to look at the chats and emails which were the subject of this alleged complaint, even though the Company has those chat records and emails in its possession.

38. Plaintiff complained to her Operations Manager and to others regarding this treatment, but Defendant never took any corrective action.

## COUNT ONE

### Title VII Discrimination

39. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

40. At all relevant times hereto, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

41. Plaintiff is a member of a protected class.

42. As outlined above, Defendant violated Title VII when it discriminated against Plaintiff by subjecting her to discipline and terminating her because (1) her race/color, (2) her sex/gender, and/or (3) the intersectionality between her race/color and sex/gender.

43. Plaintiff's race and the adverse employment actions taken against her are causally related.

44. The above-described conduct was motivated by Plaintiff's race and gender.

45. Defendant allowed a climate and culture of race and sex discrimination to exist in its enterprise.

46. Defendants relied on the opinions, reactions, and implicit or explicit perceptions of its employees in discriminating against and terminating Plaintiff.

47. Similarly situated employees received more favorable treatment than Plaintiff.

48. As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including,

5

but not limited to, loss of past and future income, compensation, and benefits, as well severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

49. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights.

## COUNT TWO

### Chapter 760, Florida Statutes - Discrimination

50. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

51. At all relevant times hereto, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of the FCRA.

52. The FCRA, Fla. Stat. § 760.10,(1)(a), states, in applicable part, as follows: "(1) It is unlawful employment practice for an employer, (a) [t]o discharge or to fail or refuse to hire any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

53. As outlined above, Defendant violated the FCRA when it discriminated against Plaintiff by subjecting her to discipline and terminating her because (1) her race/color, (2) her sex/gender, and/or (3) the intersectionality between her race/color and sex/gender.

54. As a direct and proximate result of Defendant's discriminatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

6

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(b) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant's violations of law enumerated herein;

(c) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest, and costs; and

(e) Compensatory Damages for pain, suffering, mental anguish, loss of enjoyment of life as well as liquidated damages; and

(f) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment; and

(g) Compensation for lost wages, benefits, and other remuneration; and

(h) Interest on any and all prejudgment costs; and

(i) An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest; and

(j) Grant such other further relief as being just and proper under the circumstances.[1]

---

[1] Plaintiff reserves the right to later amend her complaint to include a claim for punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable as of right by jury.

**DATED this 6th day of December, 2023.**

Respectfully submitted,

**SQUIRES & RYAN, PLLC**
100 South Ashley Drive
Suite 600
Tampa, Florida 33602
Telephone: 813.922.2803

By:*/s/ Christiane L. Nolton*
Christiane L. Nolton, Esq.
Fla. Bar No. 1029126
Email: christiane@squiresryan.com
***Attorney for Plaintiff***

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NIYA LEWIS

    Plaintiff,

v.                                                  Case No.:

**BANKERS WARRANTY GROUP, INC.
D/B/A CENTRICITY,**

    Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Summons and Complaint or Petition in the above-styled case upon the Defendant:

**BANKERS WARRANTY GROUP, INC. D/B/A CENTRICITY**
Registered Agent: Richard G. Torra
11101 Roosevelt Blvd. N.
St. Petersburg, FL 33716

    Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney:
Christiane L. Nolton, Esq.
Squires & Ryan PLLC
100 S. Ashley Drive, Suite 600
Tampa, Florida 33602
Tel: (813) 922-2803

    Within 20 days of service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

    Dated on this _____ day of __DEC 07 2023_____.

Clerk of Court



                                    By: _____(SEAL)
                                             Deputy Clerk

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NIYA LEWIS

    Plaintiff,

v.                                                                      Case No.: 23-009358-CI

BANKERS WARRANTY GROUP
D/B/A CENTRICITY,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO EFFECTUATE SERVICE PURSUANT TO FLORIDA RULE OF CIVIL PROCEDURE
1.070(j)**

COMES NOW, Plaintiff, NIYA LEWIS, by and through her undersigned attorney and pursuant to Rule 1.070(j), and files this her Motion for Extension of Time to Effectuate Service and states as follows:

1. Plaintiff initiated the above styled action on or about December 6, 2023.

2. Summons were issued on or about December 7, 2023.

3. Plaintiff made diligent effort to serve Defendant within the original timeframe.

4. Plaintiff engaged the services of professional process servers.

5. However, due to unforeseen circumstances, Plaintiff was unable to effectuate service on the Defendant within the original timeframe.

6. Plaintiff's motion for extension of time to serve the complaint is made in good faith and for good cause. Plaintiff's request for an extension is not made for any dilatory or strategic purposes.

WHEREFORE, Plaintiff, NIYA LEWIS, respectfully requests that the Court extend the 120-day time limit to serve Defendant to 30 days from the date of the Order granting this Motion.

**DATED this 4th day of April, 2024.**

                                      Respectfully submitted,

                                      By:*/s/ Christiane L. Nolton*
                                      Christiane L. Nolton, Esq.
                                      Fla. Bar No. 1029126
                                      Email: christiane@squiresryan.com
                                      **SQUIRES & RYAN, PLLC**
                                      100 South Ashley Drive
                                      Suite 600
                                      Tampa, Florida 33602
                                      Telephone: 813.922.2803
                                      ***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed with the Clerk of Court.

DATED: April 4, 2024

Respectfully submitted,

By:/s/ *Christiane L. Nolton*
Christiane L. Nolton, Esq.
Fla. Bar No. 1029126
Email: christiane@squiresryan.com
**SQUIRES & RYAN, PLLC**
100 South Ashley Drive
Suite 600
Tampa, Florida 33602
Telephone: 813.922.2803
***Attorney for Plaintiff***

3

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NIYA LEWIS

    Plaintiff,

v.  Case No.: 23-009358-CI

BANKERS WARRANTY GROUP
D/B/A CENTRICITY,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF SERVICE OF
INTERROGATORIES DIRECTED TO DEFENDANT**

Plaintiff, NIYA LEWIS, by and through her undersigned attorney and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby files her Notice of Service of Plaintiff's First Interrogatories directed to Defendant, BANKERS WARRANTY GROUP D/B/A CENTRICITY, to be answered under oath within forty-five days of service thereof.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy hereof swill be served onto Defendant via process server simultaneously with the Summons and Complaint.

**DATED this 2nd day of April, 2024.**

    Respectfully submitted,

    By:*/s/ Christiane L. Nolton*
    Christiane L. Nolton, Esq.
    Fla. Bar No. 1029126
    Email: christiane@squiresryan.com
    **SQUIRES & RYAN, PLLC**
    100 South Ashley Drive
    Suite 600
    Tampa, Florida 33602
    Telephone: 813.922.2803
    *Attorney for Plaintiff*