UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIYA LEWIS**

    Plaintiff,

v.                                                   **Case No.: 8:24-cv-00980-MSS-UAM**

**BANKERS WARRANTY GROUP
D/B/A CENTRICITY,**

    Defendant.

_____/

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant, Bankers Warranty Group d/b/a Centricity ("Centricity" or "Defendant"), answer the Complaint filed by Plaintiff Niya Lewis ("Plaintiff") and state as follows:

**PRELIMINARY STATEMENT**

1. Defendant admits only that Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") as well as the Florida Civil Rights Act ("FCRA"). Defendant denies any allegations, either express or implied, that Defendant violated those laws or any other laws pertaining to Plaintiff's employment or that Plaintiff is entitled to any of the relief that she seeks.

2. Denied.

3. Denied.

## PARTIES

4. Admitted.

5. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint; therefore, denies the same.

6. Defendant is without knowledge as to what Plaintiff views as all relevant times hereto and admits only that it employed Plaintiff for a period of time.

7. Admitted.

8. Admitted.

9. Defendant is without knowledge as to what Plaintiff views as all relevant times hereto, and admits only that it was Plaintiff's employer for a period of time.

## JURISDICTION AND VENUE

10. Defendant admits only that Plaintiff seeks damages in excess of $50,000. However, Defendant denies Plaintiff is entitled to any of the relief that she seeks.

11. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint; therefore, denies the same.

12. Defendant is without knowledge as to what Plaintiff views as all relevant times hereto, and admits only that it was Plaintiff's employer for a period of time in Pinellas County.

13. Defendant admits only that venue is appropriate in this Court.

## CONDITIONS PRECEDENT

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint; therefore, denies the same.

## FACTUAL ALLEGATIONS

15. Admitted.

16. Denied.

17. Defendant admits only that Plaintiff was promoted to Customer Service Representative II in 2016. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Admitted.

19. Defendant admits only that Plaintiff was promoted to Call Center Supervisor in 2020. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Denied.

21. Defendant admits the allegation in Paragraph 21 of the Complaint with clarification. Plaintiff was the only employee in the entire call center with the title of Customer Experience Supervisor. There were no other Customer Experience Supervisors.
22. Denied.
23. Denied
24. Denied.
25. Denied.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. Denied.

## COUNT ONE

### Title VII Discrimination

39. Defendant restates its responses to Paragraphs 1-38.

40. Defendant is without knowledge as to what Plaintiff views as all relevant times hereto and admits only that it employed Plaintiff for a period of time.

41. Admitted

42. Denied.

43. Denied

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT TWO

### Chapter 760, Florida Statutes – Discrimination

50. Defendant restates its responses to Paragraphs 1-38.

51. Defendant is without knowledge as to what Plaintiff views as all relevant times hereto and admits only that it employed Plaintiff for a period of time.

52. Defendant admits only that Plaintiff has cited a portion of the FCRA. Defendant denies any allegations, either express or implied, that Defendant violated the FCRA or any other laws pertaining to Plaintiff's employment or that Plaintiff is entitled to any of the relief that she seeks.
53. Denied.
54. Denied.

Defendant denies that Plaintiff is entitled to any of the relief sought in her prayer for relief.

## DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, Defendant reserves the right to amend its Answer and Defenses.

## FIRST DEFENSE

Plaintiff's claims are barred because all employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, reasons that were in no way related to Plaintiff's protected characteristics.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Defendant has effective and widely disseminated policies prohibiting discrimination and prohibiting reprisals against those bringing complaints thereunder, and prohibiting reprisals against those who exercise rights under the relevant statutes, and those policies provide a reasonably available procedure by which Plaintiff could have brought complaints and such complaints would have been subject to prompt remedial action reasonably calculated to end such alleged discrimination, and retaliation. To the extent Plaintiff availed herself of those policies, and Defendant took effective remedial action, Plaintiff's claims are barred. To the extent Plaintiff failed to avail herself of those policies, her claims are also barred.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with any charge of discrimination filed by Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable statute of limitations period or Plaintiff failed to first exhaust her administrative remedies.

## SIXTH DEFENSE

Defendant denies taking action that illegal action towards Plaintiff and Defendant would have taken the same adverse employment action against Plaintiff even in the absence of the alleged impermissible motivating factor.

## SEVENTH DEFENSE

If any improper, illegal, discriminatory, or retaliatory acts were taken by any of Defendant's employees against Plaintiff, which Defendant expressly denies, then said acts were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not authorized, ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## EIGHTH DEFENSE

If any improper, illegal, discriminatory, or retaliatory acts were taken by any of Defendant's employees against Plaintiff, which Defendant expressly denies, then said actions were independent, intervening, and unforeseeable acts that were not authorized, ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because her own acts or omissions caused or contributed to any alleged losses or injuries.

### TENTH DEFENSE

If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in her termination if Defendant had known about it, Plaintiff is not entitled to damages and/or equitable relief based upon the doctrines of after-acquired evidence or unclean hands should she prevail.

### ELEVENTH DEFENSE

To the extent Plaintiff has suffered any damages as a result of any unlawful act by Defendant, which Defendant expressly denies, Plaintiff is barred from recovering damages, or her damages are limited to the extent she has failed to make reasonable efforts to mitigate her alleged losses.

### TWELFTH DEFENSE

To the extent Plaintiff has suffered any damages as a result of any unlawful act by Defendant, which Defendant expressly denies, Plaintiff's recovery in this action must be set off and/or reduced by all wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits, regardless of form, received by Plaintiff subsequent to the termination of her employment with Defendant.

## THIRTEENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred (although they did not), Defendant is not liable for punitive damages, because any alleged discriminatory, retaliatory, or other unlawful employment acts were contrary to Defendant's good faith efforts to comply with the anti-discrimination laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the law and, therefore, Plaintiff may not recover any punitive damages.

**WHEREFORE**, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that:

a. Plaintiff's claims be stricken or dismissed with prejudice in their entirety.

b. Each and every prayer for relief in Plaintiff's Complaint be denied;

c. All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

d. This Court grants Defendant such other relief as it deems just and proper.

Dated: April 29, 2024

**FORDHARRISON LLP**

By:   */s/ Todd S. Aidman*
       Todd S. Aidman
       Florida Bar No. 0173029
       taidman@fordharrison.com
       Jesica P. Fico
       Florida Bar No. 1049243
       jfico@fordharrison.com
       401 E. Jackson Street, Suite 2500
       Tampa, FL 33602
       Telephone: (813) 261-7800
       Facsimile: (813-261-7899
       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I will send a copy via electronic mail to the following:

Christiane L. Nolton
christiane@squiresryan.com
**Squires & Ryan, PLLC**
100 South Ashley Drive
Suite 600
Tampa, FL 33602

       */s/ Todd S. Aidman*
       Todd S. Aidman

11